CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 2 6 2006
JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LINDA RAYNOR, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:06-CV00057 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JUDGE MARIN C. HILLSMAN, | ) |
| JUVENILE AND DOMESTIC | ) By: Samuel G. Wilson |
| RELATIONS COURT. | ) United States District Judge |
| | ) |
| Defendant. | ) |

Plaintiff Linda Raynor, proceeding pro se, brings this action against Judge Marin C. Hillsman, claiming, among other things, that Judge Hillsman "listens only to [the Virginia Department of Social Services] not to mothers or fathers" and "[b]ecause of this practice [Judge Hillsman] violates the law." Raynor seeks to proceed in forma pauperis (IFP) and seeks the removal of Judge Hillsman from office. Having considered Raynor's complaint, the court will grant Raynor IFP status; however, for the reasons stated, the court dismisses Raynor's action pursuant to the court's inherent power to sua sponte dismiss factually or legally frivolous claims. See 28 U.S.C. § 1915(e)(2)(B) (stating that a court may "at any time" dismiss an in forma pauperis claim if the action "is frivolous or malicious").

## I.

Raynor claims that when the Virginia Department of Social Services (DSS) removed Raynor's minor child from her custody that DSS filed the foster care plan five days late and without a request for an extension. Thus, Raynor claims that Judge Hillsman should have

1

ordered the return of Raynor's child. Because Judge Hillsman approved the foster care plan, Raynor claims that Judge Hillsman has violated the law and "should [be] removed from office. Raynor also claims that her minor child has suffered various health conditions since her placement in foster care, including a weight increase and vision problems.

## II.

A district court has the authority to sua sponte dismiss an action if it determines the action to be factually or legally frivolous. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000); Rosser-El v. United States, 2002 WL 32361842 (D. Md.), *aff'd*, 50 Fed.Appx. 111, 2002 WL 31476925 (4th Cir.) (unpublished). Raynor's claims are patently frivolous, both factually and legally. Accordingly, the court dismisses Raynor's claims.

## III.

For the reasons stated herein, the court hereby dismisses Raynor's claims without prejudice.

ENTER: This 26th day of June, 2006.

_____
UNITED STATES DISTRICT COURT